UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA, :
    Plaintiff :
     :
    v. : File No. 1:09-CR-13
     :
CHAMROEUN CHAN, :
    Defendant :
     :
THATH SIN, :
    Claimant :

## RULING ON THIRD-PARTY PETITION FOR REMISSION OF SEIZED ASSETS AND GOVERNMENT'S MOTION TO DISMISS PETITION
(Papers 27 and 35)

Defendant Chamroeun Chan pleaded guilty to conspiring to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(1), and was sentenced by this Court to one year and one day in prison. Chan also agreed to forfeit any interest in the $82,000 cash found in the trunk of the rental car he was driving.

After this Court issued a Preliminary Order of Forfeiture (Paper 24), a third party, Thath Sin, filed a Petition for Remission of Seized Assets (Paper 27). Sin's petition alleges $40,000 of the seized cash belongs to him. The government now moves to dismiss Sin's petition (Paper 35), arguing Sin lacks both statutory standing and Article III standing as a third-party claimant. For the following reasons, the government's motion is granted.

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the constitution as required for any action brought in federal court." United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999). Statutory standing is based on the requirements of the statute under which the claimant challenges the forfeiture. Here, Sin challenges the forfeiture under Section 853(n), which states third-party petitioners "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, [and] any additional facts supporting the petitioner's claim." 21 U.S.C. § 835(n).

Sin's petition fails to meet the statutory requirements in Section 853(n). In terms of relevant information, Sin provides only the following: "My portion of the U.S. Currency came from personal savings. I acquired my interest in the seized assets from 1986 through 2007 from my earnings as an employee with various corporations." Paper 27 at ¶¶ 6-7. These allegations do nothing to connect Sin's claim of ownership with the factual circumstances under which the cash was seized: wrapped in scented fabric softener sheets in a bundle in the trunk of a

rental car driven by defendant Chan, heading to the Akwesasne Mohawk Casino on the US-Canada border.

As a result, Sin's bare claim of possession fails to establish statutory standing. See, e.g., United States v. Kokko, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("[A] claimant of some interest in property [under § 853(n)(3)] must do more than state that interest in a conclusory fashion . . . . The claimant needs to provide <u>some explanation of the interest</u> for it to qualify as a colorable possessory interest sufficient to establish standing." (internal quotation marks and citations omitted)); United States v. Edwards, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) ("[T]here is ample case law supporting the principle that a third party claim under Section 853(n)(3) that fails to provide sufficient detail regarding the nature of the petitioner's interest may be dismissed for failure to comply with the statute's filing requirements . . . ."); United States v. Pegg, No. 7:97-CR-30, 1998 WL 34309460, at *2 (M.D. Ga. Nov. 25, 1998) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

Finding no statutory standing, this Court need not reach the question of Article III standing. The government's Motion to Dismiss (Paper 35) is GRANTED. Thath Sin's Petition for Remission of Seized Assets (Paper 27) is DISMISSED.

3

Dated at Brattleboro, in the District of Vermont, this 21st day of December, 2009.

                                        /s/ J. Garvan Murtha
                                        Honorable J. Garvan Murtha
                                        Senior United States District Judge